In re LEWIS.

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

ATTORNEY AND CLIENT (§ 58*)—DISBARMENT—GROUNDS—EVIDENCE.

Where, in proceedings to disbar an attorney for professional miscon-
duct, the petitioner introduced evidence sustaining the charges, and the
attorney testified in explanation thereof, and when the case was ready
for submission to the referee admitted that he had been guilty of mis-
conduct and threw himself on the mercy of the court, the referee prop-
erly found the attorney guilty of misconduct, without reviewing the tes-
timony, and the attorney must be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–
78; Dec. Dig. § 58.*]

Proceeding by the Association of the Bar of the City of New York
for the disbarment of Samuel Lewis, Jr., an attorney at law, for pro-
fessional misconduct.   Judgment of disbarment.

See, also, 154 App. Div. 896, 138 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Russell H. Robbins, of New York City, for petitioner.
Stillman F. Kneeland, of New York City, for respondent.

INGRAHAM, P. J.   The respondent was admitted to practice in
November, 1902.   On December 22, 1912, the Association of the Bar of
the City of New York presented charges against the respondent, based
upon the following facts:

That on or about August 6, 1909, the respondent, as attorney for
Ada L. Fairfield, a legatee under the will of J. B. Thayer, received
from the executors of the will in Kent, N. H., the sum of $616.29
on behalf of his client, and that the respondent did not turn over to
his client the amount to which his client was entitled, but converted it
to his own use; that on September 13, 1909, the respondent received
from the executors the further sum of $237.04, the receipt of which
he concealed from his client and also converted to his own use; that
on April 5, 1910, his client instituted proceedings in the Supreme
Court to compel the respondent to turn over the money to her, and
on December 6, 1910, an order was made directing the respondent to
pay to his client the sum of $800.04, with interest.   The respondent
failing to comply with this order, he was adjudged guilty of contempt
and committed to the county jail, and finally paid the money.   It was
further charged that on December 9, 1908, the respondent represented
to one Stewart that the said Ada L. Fairfield, who was his client, was
in need of money, and induced Stewart to advance to the respond-
ent for the benefit of his client the sum of $100; that these representa-
tions were false, and the client had no knowledge of the transaction;
that the said money was advanced by a check drawn to the order of
the client, which the respondent indorsed and cashed, and converted
the proceeds to his own use; that the respondent subsequently return-
ed to Stewart the sum of $30, but still retains the balance.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To these charges the respondent interposed an answer, admitting that he received these two sums of money, denying that he converted the said sums, or any portion of them, to his own use, alleging that the said moneys were received with the knowledge and specific authority of his client, and then alleging that the moneys paid out on behalf of· his client, and the reasonable value of his services exceeded the sums of money so received. As to the second charge he admits that he borrowed from Stewart, on behalf of his client, the sum of $100, but alleges that that sum was spent for and on her account, of which fact she was fully advised.

Subsequently, and on October 27, 1913, additional charges were presented by the Association of the Bar against the respondent as follows:

That in September, 1910, one Murtha caused to be delivered to the respondent $290, of which sum $250 was to be paid over by the respondent to George Gordon Battle, who was ·of counsel for Murtha, and the balance was to be applied in payment of the cost of printing the record in·certiorari proceedings in the application of Murtha for reinstatement to the police force; that the respondent was the attorney of record for Murtha in that proceeding, and received the money, agreeing to apply it to the purposes stated; that he did not so apply said money, but converted the same to his own use; that such application was not submitted to the Appellate Division until September, 1911, and that between .September, 1910, and November, 1911, the respondent falsely stated to Murtha that the record had been sent to the printer, and the delay was caused by the failure of the printer to deliver the printed record; that after the respondent sent the record to the printer he refused to pay the printing bills, and false-·ly stated to the printer that he had not received the money; that in the fall of 1911 the respondent returned portions of the money to Murtha in installments, and for that purpose sent Murtha two checks, for $50 each, which were dishonored by the bank upon which they were drawn.

To these charges the respondent admitted that he was retained by Murtha as his attorney; that he received the sum of $290, but retained the same only at the request of said Murtha, and delivered all moneys in his possession upon demand; and that he paid the printing bills in the regular course of business.

These charges were referred to the official referee, and after the petitioner had submitted testimony tending to sustain the charges the respondent took the stand and was examined on his own behalf at great length. He seems to have made the usual claim that when he received this money for his client—which he had promised to promptly pay to her as soon as received—he applied it on account of some indefinite claim for legal services, for which no bill had ever been sent and no claim ever previously made, and that any services were rendered was never definitely established. After he had testified as to all these transactions before the referee, and the case was ready to be submitted, the respondent appeared before the referee and made the following statement:

"The respondent, appearing personally and by counsel, states that, while he stands by his entire testimony in the case, yet, upon a full consideration of the matter, he is satisfied and does admit that he has been guilty of misconduct in his office of attorney and counselor at law, and throws himself upon the mercy of the court."

The proceeding then seems to have been closed and the case submitted to the referee. The referee has now filed his report, submitting all the testimony taken before him, and stating that after this admission by the respondent it was stipulated that the case be closed and a report submitted to the Appellate Division finding the respondent guilty of misconduct in his office of attorney and counselor at law. The referee then states that the testimony taken clearly shows that the respondent has been guilty of unprofessional conduct, and so finds, and that in view of this admission he finds it unnecessary to review the testimony.

I have been over this testimony and concur with the referee. It is clear that much of the respondent's testimony was false, and the referee was satisfied that the charges were proved. It is thus too late for the respondent to "throw himself on the mercy of the court."

Under the circumstances, therefore, without further considering the case, in view of the admission and consent of the respondent, it is clear that the respondent should no longer remain a member of the bar, and he is therefore disbarred. All concur.